```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTIN GUERRA and FLAVIO GUERRA,         :
                                         :
                                         :
                              Plaintiffs, :      22-CV-3498 (VSB)
                                         :
              -against-                  :      **OPINION & ORDER**
                                         :
                                         :
BUNNY DELI INC. and RASALINO             :
VICTORIO-MENDOSA,                        :
                                         :
                              Defendants. :
                                         :
-------------------------------------------------------- X
```

Giustino Cilenti
Cilenti & Cooper, PLLC
New York, New York
*Counsel for Plaintiffs*

Diana Y. Seo
Seo Law Group, PLLC
Flushing, New York
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

On August 24, 2022, the parties filed a joint letter motion seeking approval of the settlement agreement reached in this Fair Labor Standards Act ("FLSA") case. (Doc. 16 ("Settlement Ltr."); *see also* Doc. 16-1 ("Settlement Agreement").) Parties may not privately settle FLSA claims and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Having reviewed the materials before me, I find that the Settlement Agreement is fair and

reasonable.  Therefore, the parties' joint motion seeking an order approving the Settlement Agreement and entering the proposed Stipulation and Order of Dismissal with prejudice is GRANTED.

**I.      Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  "A reasonable hourly rate is a rate 'in line with ... prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).  A fee may not be reduced "'merely because the fee would be disproportionate to the financial interest at stake in the litigation.'" *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Discussion

I have reviewed the Settlement Agreement, supporting evidence, and supplemental material in order to determine whether the terms are fair, reasonable, and adequate. I believe that they are and, therefore, approve the settlement agreement of the parties.

### A. *Settlement Amount*

I first consider the Settlement amounts. Plaintiffs filed their complaint seeking to recover unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, under FLSA, and unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" pay, and liquidated and statutory damages pursuant to New York Labor Law and the New York State Wage Theft Prevention Act. (Doc.1 at 1–2.) When seeking approval of a FLSA settlement, the plaintiff "must supply calculation addressing all possible sources of a plaintiff's potential damages." *Leonardo v. Reza Fast Food, Inc.*, No. 20 Civ. 8879 (VSB), 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022). If the settlement agreement applies to multiple plaintiffs, the plaintiffs must provide an estimation of each plaintiff's calculated damages and the amount each plaintiff would receive under the settlement agreement. *See id*. at *3 (denying settlement agreement, in part, because "the parties do not provide an estimation of each [p]laintiff's damages" or the amount of the total damages each plaintiff would receive); *Calderon v. CJS Wholesalers*, No. 17 Civ. 6154 (HBP), 2019 WL 289969, at *1 (S.D.N.Y. Jan. 23, 2019) (referencing the court's earlier denial of the settlement agreement because it failed to specify each plaintiff's claimed damages and share of the settlement amount).

Plaintiffs assert that, assuming they prevailed on all of their alleged claims, they would have recovered "approximately $41,500 in unpaid minimum wages and overtime compensation, and an additional $2,500 in unpaid 'spread of hours' premium with an equal amount in liquidated damages." (Settlement Ltr. at 3.) In addition, Plaintiffs allege that they would have been entitled to

$20,000 in statutory damages for failure to provide wage notices and wage statements. (*Id.*) Therefore, "plaintiffs contend that they would have recovered approximately $105,500[1] at trial." (*Id.*) The Settlement Agreement specifies that Plaintiff Flavio Guerra will receive $32,938.88 and Plaintiff Martin Guerra will receive $8,914.84. (Settlement Agreement at 2.) Even excluding the attorneys' fees and costs from the Settlement Agreement, the Settlement amount of $41,853.72 that Plaintiffs will receive still represents approximately 39 percent of the total possible recovery, which is well above other settlement percentages accepted in this District. *See Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (collecting cases) (approving a Settlement amount around 13 percent of plaintiff's potential recovery). In addition, nothing suggests that the Settlement Agreement is the product of less than arm's-length bargaining between experienced counsel or is tainted by fraud or collusion. I find the Settlement amount to be fair and reasonable and in line with other cases approving FLSA settlements in this Circuit.

    **A.**     ***Remaining Provisions***

         1.   <u>Release Clause</u>

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592

---

[1] Defendants deny the allegations in the complaint, however "[e]ven assuming that the defendants' time and pay records are accurate, plaintiffs estimate their total damages at approximately $89,200." (Settlement Ltr. 3.)

(LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15 Civ. 5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The "Wage and Hour Release by Plaintiffs" releases Defendants "from any claims alleged in the Complaint ONLY, including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act" and "does not include a release of any rights that Plaintiffs may have under this Agreement." (Settlement Agreement at 3–4 (emphasis in original).) Given that this release is expressly limited to all claims asserted in the action, as well as claims that could have been asserted under FLSA and New York Labor Law that predate the agreement, I find that the terms are fair and reasonable.

2. Remaining Provisions

I find all other provisions of the Settlement Agreement to be fair and reasonable. Although there is a non-disparagement and non-defamation clause, (Settlement Agreement at 4), it "includes a carve-out for truthful statements about the facts underlying [Plaintiff's] claims" and is therefore permissible. *Animucka v. Singer*, No. 20 Civ. 7867 (ER), 2022 WL 16908279, at *3 (S.D.N.Y. Oct. 21, 2022) (collecting cases). Finally, the Settlement Agreement does not contain any bar on Plaintiffs' employment with Defendants in the future. I find the absence of this provision fair and reasonable.

B. *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). As a general matter, the "starting point" in determining reasonable

5

attorneys' fees is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation creates a "presumptively reasonable fee" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008))). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum v. Stenson*, 465 U.S. 886, 897 (1984), and must provide the court with sufficient information to assess the fee application, *see New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Fees of one-third in FLSA cases are routinely approved in this Circuit." *Manley v. Midan Rest. Inc.*, 14 Civ. 1693 (HBP), 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill v. A2B Taxi LLC*, No. 18 Civ. 11165 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery.") Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts . . . .").

Under the Settlement Agreement, Plaintiffs' counsel will receive a total of $21,201.26 based on $20,646.26 in fees and $555 in costs. (Settlement Agreement at 2; Settlement Ltr. at 4.) Plaintiffs' counsel is entitled to one-third of the total recovery under their contingent fee agreement with Plaintiff. (Settlement Ltr. at 5.) Cilenti & Cooper, PLLC charged a rate of $400/hour for attorneys and $100/hour for paralegals. (*See* Settlement Ltr. at 5; Doc. 16-2.) These rates fall well within what courts in this District have found to be reasonable. *See, e.g., Ochoa v. Prince Deli*

6

*Grocery Corp.*, No. 18 Civ. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District").

Here, the billing records submitted by Plaintiffs' counsel (Doc. 16.2) show that the attorney by the initials of "JC," presumably Justin Cilenti, spent 33.7 hours at the rate of $400 per hour, and the paralegal by the initials of "MC," presumably Marcela Cardoso, spent 9.9 hours at the rate of $100 per hour, totaling an amount of $14,470; the costs add up to $555, making a total amount of $15,025 in attorneys' fees and costs.  I find the overall hours that the attorney and paralegal spent on this case to be reasonable.  Further, given that courts regularly award lodestar multipliers from two to six times lodestar, Plaintiffs' counsel's receipt of a total of $21,201.26 is consistent with lodestar multipliers approved by other courts.  Given this, I find the requested attorneys' fees and costs under the Settlement Agreement to be fair and reasonable.

**III.     Conclusion**

For the reasons stated above, I find that the proposed Settlement Agreement to be fair and reasonable.  Accordingly, the Settlement Agreement is APPROVED.  The proposed stipulation and order of dismissal with prejudice will be filed concurrently with this Opinion.

SO ORDERED.

Dated:     July 24, 2023
           New York, New York

_____
Vernon S. Broderick
United States District Judge